IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHILOE BEASLEY,<br>    Plaintiff,<br><br>v.<br><br>CARRIE ROE FITZGERALD,<br>    Defendant. | Case No. 1:24-cv-01067-JEH |

**Order**

    This matter is now before the Court on Defendant Carrie Roe Fitzgerald's Motion for Summary Judgment and Plaintiff Shiloe Beasley's Motion for Summary Judgment under Federal Rule of Civil Procedure 56 and Local Rule 7.1(D). (Docs. 63, 65). For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

**I**

    On February 7, 2024, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging Defendant violated his First and Fourteenth Amendment rights by refusing to provide him with Kosher meals and a medical diet at the Peoria County Jail ("Jail"). (Docs. 1, 6). Plaintiff alleges he is Jewish and is required to eat Kosher meals. Additionally, Plaintiff alleges he is lactose intolerant and allergic to preservatives in processed meat, which causes him to experience indigestion, bloating, constipation, and skin irritation.

    Defendant filed a Motion for Summary Judgment on June 16, 2025. (Doc. 63). Plaintiff did not file a response. On June 23, 2025, Plaintiff filed a Motion for Summary Judgment. (Doc. 65). Defendant filed a response on July 14, 2025. (Doc. 66). Plaintiff did not file a reply.

II

Plaintiff was booked at the Jail on December 19, 2023. During the relevant period, Plaintiff was a pretrial detainee.

Defendant was employed as a nurse practitioner to provide medical care at the Jail. (Doc. 63-1 at ¶ 3). Defendant had no authority over or involvement with inmates' requests for religious diets. *Id.* at ¶ 6. Defendant could prescribe medical diets if medically necessary. *Id.* at ¶ 8.

On December 23, 2023, a licensed practical nurse ("LPN") examined Plaintiff and noted Plaintiff stated he would not eat, as "illuminati and people with a money bag are going around poisoning food with sperm and eggs." (Doc. 63-2 at p. 64). The note further indicates Plaintiff stated he "stopped eating not too long ago on the outside and lived off of grass and leaves." *Id.* The LPN's note did not include any reference to a request for a Kosher diet or symptoms of food allergies.

On December 25, 2023, Plaintiff ate his "Christmas Dinner" lunch tray without any documented issues. *Id.* at p. 68.

On January 23, 2024, Defendant saw Plaintiff regarding his complaints of constipation and abdominal pain. (Doc. 63-1 at ¶¶10-13; Doc. 63-2 at pp. 97-98). Plaintiff requested sack meals and stated he could not eat processed food, as it causes bloating and constipation. Plaintiff claimed he could eat chips served with sack lunches because they are made with "potato oil." *Id.* at p. 97. Plaintiff threatened that he would be put on suicide watch or declare a hunger strike if he did not get a peanut butter and jelly sack lunch

Defendant performed a physical examination and noted Plaintiff's abdomen was soft and without distention. Plaintiff's bowel sounds were present and normoactive in all four quadrants. The examination showed no concerning signs of severe constipation. Defendant prescribed Plaintiff a stool softener and

Metamucil for constipation. Plaintiff refused the treatment because he "doesn't take medication" and "doesn't trust that it[']s not made from dried sperm." *Id.* Defendant counseled Plaintiff on processed foods and assured him Metamucil is not made from sperm. Defendant advised Plaintiff to drink between 8 and 10 glasses of water each day to prevent constipation. Defendant ordered Plaintiff to continue his regular diet, avoid lactose and soy, eat a well-balanced diet, and follow up about any worsening symptoms.

Based on the examination and her medical judgment, Defendant determined that prescribing a medical diet was unnecessary because Plaintiff did not exhibit signs or symptoms of a food allergy. (Doc. 63-1 at ¶¶ 16-17). After January 23, 2024, Defendant was not made aware of any additional complaints, signs, or symptoms that would have indicated a food allergy requiring a medical diet. *Id.* at ¶ 18.

Defendant's notes regarding the January 23, 2024 visit do not reference a request for a Kosher diet. *Id.* at ¶ 14; Doc. 63-2 at pp. 97-98. According to Defendant, she did not deny Plaintiff's request for a religious diet. (Doc. 63-1 at ¶ 19).

### III

### A

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and

draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

### B

As an initial matter, the Court notes Plaintiff did not file a response to Defendant's Motion to Summary Judgment to address Defendant's Statement of Undisputed Material Facts. (Doc. 63 at ¶¶ 1-21). Local Rule 7.1(D)(2)(b) provides that a response to a summary judgment motion must state, in separate subsections: undisputed material facts, disputed material facts, disputed immaterial facts, undisputed immaterial facts, and additional material facts. Civil LR 7.1(D)(2)(b)(1)-(4). "A failure to respond to any numbered fact will be deemed an admission of the fact." *Id.* at (6). Therefore, the Court deems Defendant's Undisputed Material Facts to have been admitted by Plaintiff. That being said, the Court will exercise its discretion by reviewing the materials in the record and the arguments in Plaintiff's Motion for Summary Judgment, as the Court "is confident in its ability to understand which material facts are actually in dispute." *Latko v. Cox*, 2021 WL 5234863, at *2 (7th Cir. Nov. 10, 2021); *White v. Felchner*, 2021 WL 3223067, at *2 (C.D. Ill. July 29, 2021).

### C

Regarding Plaintiff's First Amendment claim, there is no evidence Defendant had any involvement with, authority over, or responsibility regarding inmates' requests for religious diets. "Section 1983 creates a cause of action based

4

on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). No reasonable jury would find that Defendant violated Plaintiff's First Amendment rights by denying him a Kosher diet. Therefore, summary judgment is granted in favor of Defendant on Plaintiff's First Amendment claim.

**D**

Regarding Plaintiff's Fourteenth Amendment claim, Defendant argues she was not deliberately indifferent to Plaintiff's medical needs because (1) Plaintiff did not suffer from an objectively serious medical condition, and (2) she provided appropriate medical care on January 23, 2024.

At all times relevant to this lawsuit, Plaintiff was pre-trial detainee. His section 1983 claim is analyzed under the Fourteenth Amendment, rather than the Eighth Amendment standard applied to prisoners. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To establish a claim for inadequate medical care, Plaintiff must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Plaintiff alleges he experienced skin irritation, indigestion, constipation, and bloating when eating certain processed foods. Even if Plaintiff suffered from an objectively serious medical condition, there is no evidence Defendant's response

to Plaintiff's complaints of digestive discomfort was objectively unreasonable. Defendant examined Plaintiff on January 23, 2024 in response to his complaints of constipation and bloating. During a physical examination, Defendant noted Plaintiff's abdomen was soft and without distention; his bowel sounds were normal; and there were no signs of severe constipation. Based on her medical judgment, Defendant determined that Plaintiff was not exhibiting signs or symptoms of a food allergy that required a medical diet. Defendant offered Plaintiff medication for constipation, advised Plaintiff to avoid lactose and soy to alleviate digestive discomfort, counseled Plaintiff about a health diet and drinking enough fluids, and advised Plaintiff to follow up if he experienced worsening symptoms.

Plaintiff argues Defendant should have prescribed him a medical diet. (Doc. 65 at p. 6). "Mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient" to show deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

Based on the facts and circumstances, no reasonable jury would find that Defendant was deliberately indifferent by declining to prescribe Plaintiff a medical diet. *See Williams v. Ortiz*, 937 F.3d 936, 944 (7th Cir. 2019) ("[J]ust because the staff declined to provide [plaintiff] with his desired prescription pain medicine or the comfort of an extra mattress does not mean that the course of treatment was objectively unreasonable."). Therefore, summary judgment is also granted in favor of Defendant on Plaintiff's Fourteenth Amendment claim.

### IV

For the reasons stated, *supra*:

(1)    Defendant's Motion for Summary Judgment [63] is GRANTED, and Plaintiff's Motion for Summary Judgment [65] is DENIED. Defendant Carrie Roe

Fitzgerald is DISMISSED WITH PREJUDICE. Each side is to bear their own attorney's fees, costs, and expenses.

(2) The Clerk is directed to enter judgment and close this case.

(3) Although this case has been dismissed, Plaintiff remains responsible for paying the remainder of the $350 filing fee. (d/e 2/16/2024).

(4) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

(5) To proceed *in forma pauperis* on appeal, Plaintiff must file a motion to proceed on appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: November 5, 2025

s/Jonathan E. Hawley
U.S. District Judge